Ineabelles CIRINO ENCARNACION,
Plaintiff,

v.

CONCILIO DE SALUD INTEGRAL
DE LOIZA, INC. et al.,
Defendants.

CIVIL NO. 99–1384(JAG).

United States District Court,
D. Puerto Rico.

May 14, 2002.

David Efron, Rio Piedras, PR, for Plaintiffs.

Gilberto Mayo–Pagan, May & Mayo, Santurce, PR, Doris Quinones–Tridas, Quinones Tridas Law Office, PSC, San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Pending before the Court are plaintiff's objections to United States Magistrate Judge Justo Arenas's Report and Recommendation on the Motions to Dismiss filed by co-defendant Concilio de Salud Integral de Loíza, Inc. ("CSILO"). (Docket No. 30). Magistrate Arenas recommended that the Court grant the motion to dismiss for lack of subject matter jurisdiction and decline to exercise supplemental jurisdiction over the plaintiff's state law claims, in particular, the medical malpractice claims against co-defendant Dr. Héctor Cabán Hernández ("Cabán"). After reviewing the objections, the Court adopts the Report and Recommendation. (Docket No. 29).

### *STANDARD OF REVIEW*

A district court may, on its own motion, refer a pending matter to a United States Magistrate–Judge for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); Rule 503, Local Rules, District of Puerto Rico. Pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 510.2, the adversely affected party may contest the report and recommendation by filing written objections

"[w]ithin ten days of being served" with a copy of the order. 28 U.S.C. § 636(b)(1). The Court must then make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. *See United States v. Raddatz*, 447 U.S. 667, 673, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980); *Lopez v. Chater*, 8 F.Supp.2d 152, 154 (D.P.R.1998). The Court may accept, reject or modify, in whole or in part, the Magistrate–Judge's recommendations. "Failure to raise objections to the Report and Recommendation waives [that] party's right to review in the district court and those claims not preserved by such objections are precluded on appeal." *Davet v. Maccarone*, 973 F.2d 22, 30–31 (1st Cir. 1992) (citations omitted).

### FACTUAL BACKGROUND

On April 11, 1998, at approximately 7:00 p.m., plaintiff Ineabelles Cirino Encarnación ("Cirino") took her three-month old daughter Edith to CSILO because the baby was having difficulty breathing. The record shows that the baby was not screened immediately upon her arrival at CSLIO's facilities, but that she later received medical screening and treatment. The baby remained at CSILO, until April 12, 1998, when at approximately 5:20 a.m., she turned cyanotic and unresponsive to stimuli. After efforts to resuscitate Edith failed, she was pronounced dead at 5:20 a.m. by Dr. Cabán.

Cirino brought this action under the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C § 1395dd *et seq.*, against co-defendants CSLIO and Dr. Cabán on April 8, 1999. The claims against Dr. Cabán are premised on state malpractice laws and are brought forth as supplemental claims.

Co-defendant CSLIO filed a motion to dismiss on November 24, 1999, alleging that this Court lacks subject matter jurisdiction over Cirino's claim. (Docket No. 15). In essence, CSLIO contends that it is a Community Health Center operated pursuant to section 330 of the Public Health Service Act, 42 U.S.C. § 254 *et seq.*, and as such has been provided with liability protection under the Federal Tort Claims Act, ("FTCA"), 42 U.S.C. §§ 2333(g) and 233(g)(1)(A); 28 U.S.C. §§ 2675 and 2675(a). Co-defendant CSLIO filed three documents, which are discussed at length in the Magistrate–Judge's Report and Recommendation, in support of the fact that it is indeed a covered entity under the aforementioned statutes.

CSLIO argues that pursuant to the FTCA, a plaintiff must first file an administrative claim with the United States Department of Health and Human Services prior to filing suit in federal court. Accordingly, it contends, that Cirino's failure to conform with the FTCA's administrative exhaustion procedures precludes this Court from exercising subject matter jurisdiction over her claim.

### DISCUSSION

Plaintiff Cirino filed her one-page objections to the Magistrate's Report and Recommendation on April 22, 2002. (Docket No. 30). Plaintiff's cryptic objections do not only fail to comply with the mandates of Local Rule 510.2 for lack of specificity, but they also do not reflect an understanding that a plaintiff may not simply restate the arguments that the Magistrate–Judge considered and expect the Court to treat the filing seriously.

In her objections, Cirino merely states that she is not in agreement with the Magistrate–Judge's report, and that the documents that CSLIO submitted to support its claim that it is a covered entity pursuant to section 330 of the Public Health Service Act, are invalid. Cirino's argument relative to the documents sub-

mitted by CSLIO, was brought forth in her opposition to co-defendant's motion to dismiss (Docket No. 17), and rejected by the Magistrate–Judge in his Report and Recommendation. (Docket No. 30, pgs. 5–6). Cirino has not only failed to make a single specific challenge to any of the documents submitted by CSLIO, but has also failed to direct the Court to any case law in support of her position. It should be noted, that Cirino's scanty objections failed to even address the Magistrate–Judges' findings as to co-defendant Cabán.

The Court's review of the record leads it to concur with Magistrate–Judge Arenas's conclusion that plaintiff Cirino has failed to prove that this Court has subject matter jurisdiction over her claim. Accordingly, the Court adopts the Report and Recommendation, and dismisses the Complaint.

### CONCLUSION

For the foregoing reasons, the Court **ADOPTS** Magistrate Judge Justo Arenas's Report and Recommendation. Judgment shall enter **dismissing** the Complaint **without prejudice.**

IT IS SO ORDERED.