Ineabelles **CIRINO–ENCARNACIÓN,**
**Plaintiff, Appellant,**

v.

**CONCILIO DE SALUD INTEGRAL DE LOÍZA, INC.; Héctor M. Cabán–Hernández, Defendants, Appellees.**

No. 02–1735.

United States Court of Appeals,
First Circuit.

Heard Jan. 7, 2003.

Decided Jan. 24, 2003.

Kevin G. Little, with whom Law Offices of David Efron was on brief, for Appellant.

Gilberto Mayo–Pagán for Appellee Concilio de Salud Integral de Loíza, Inc.

Before SELYA, Circuit Judge, COFFIN, Senior Circuit Judge, and LYNCH, Circuit Judge.

LYNCH, Circuit Judge.

Ineabelles Cirino–Encarnación's three-month-old daughter, Edith, was suffering from respiratory difficulty on April 11, 1998. Cirino took Edith to Concilio de Salud Integral de Loíza, Inc. (CSILI), a medical center where Edith had been treated since birth. Cirino arrived at 7:00 p.m. No one at CSILI examined Edith, and Cirino and her daughter waited until 5:00 a.m., when Edith became cyanotic and unresponsive. Efforts were taken to resuscitate Edith, but they failed, and she was pronounced dead at 5:20 a.m.

On April 8, 1999, Cirino filed an action against CSILI under the Emergency Medical Treatment and Active Labor Act (EMTALA), 42 U.S.C. § 1395dd *et seq.* (2000). The action included a Puerto Rico medical malpractice claim against CSILI and Dr. Héctor M. Cabán–Hernández, under 31 P.R. Laws Ann. § 5141 (2001); the plaintiff asserts supplemental jurisdiction for this claim. *See* 28 U.S.C. § 1367 (2000). This is an appeal from the dismissal of that action for lack of subject matter jurisdiction. We reverse, because the district court was premature in acting on the motion to dismiss when defendants had not produced relevant jurisdictional discovery, despite having been ordered three times to do so.

## I.

We sketch the facts as alleged by the plaintiff. *See, e.g., Viqueira v. First Bank,* 140 F.3d 12, 15 (1st Cir.1998).

The procedural history shows considerable recalcitrance on the part of CSILI. Cirino first sought discovery by propounding interrogatories and a request for production of documents on July 16, 1999. On October 8, 1999, Cirino moved for entry of default judgment against CSILI; she also moved to compel answers to her outstanding discovery requests. On October 12, 1999, the court entered a default judgment against CSILI, and on October 21, it granted the motion to compel and ordered CSILI to respond by November 8, 1999. CSILI moved to set aside this default on November 24, 1999, and the district court granted the motion on July 11, 2000.

CSILI also filed a motion to dismiss the EMTALA claim for lack of subject matter jurisdiction on November 24, 1999. CSILI had still not responded to discovery, failing to meet the November 8 deadline. The motion to dismiss argued that CSILI was a Community Health Institution (CHI) and, as such, could only be sued under the Federal Tort Claims Act (FTCA) and not directly under EMTALA. *See* 42 U.S.C. §§ 233(g)(1),(4), 254b. Cirino had not filed an antecedent administrative claim with the appropriate federal agency, here the Department of Health and Human Services, a requirement for tort actions under the FTCA. *See* 28 U.S.C. § 2675(a) (2000). The motion was accompanied by an affidavit of the Executive Director and two attached documents purporting to show that CSILI was a CHI. Cirino opposed the motion, represented that CSILI had not yet provided the discovery ordered, and argued that under Fed.R.Civ.P. 56(f), discovery was needed before the court could rule on the motion to dismiss.

On July 11, 2000, the court ordered CSILI to provide responses to the outstanding discovery requests by July 31, 2000. CSILI continued to fail to comply, and on August 23, Cirino moved for discovery sanctions. Cirino's filings made clear that jurisdictional discovery would be required before there could be action on the motion to dismiss. The district court referred all pending dispositive motions to a magistrate judge on January 17, 2002; on February 8, that judge denied Cirino's motion for sanctions, but ordered CSILI to respond to the outstanding discovery interrogatories 3(a)-(j) and 14, which related to the issue of subject matter jurisdiction (that is, whether CSILI was a CHI). It is not clear why there was a seventeen-month delay between the motion and any court action upon it.

On March 19, 2002, because CSILI still had not responded to discovery requests, Cirino again moved for discovery sanctions. She reported that discovery had not been produced and asked that CSILI be precluded from defending itself on the subject matter of the withheld discovery and that CSILI be defaulted. This motion was never ruled on.

Despite the pendency of these discovery disputes and CSILI's violation of its discovery obligations, on April 17, the magistrate judge recommended that the EMTALA claim against CSILI and the supplemental claim against Cabán both be dismissed for lack of subject matter jurisdiction. The Report and Recommendation stated:

> [P]laintiff has failed to carry her burden of demonstrating why this court should assert subject matter jurisdiction over her claim. Plaintiff does not offer any affirmative evidence or statements to re-

but defendant's evidence that it is a federal government agency availed to the FTCA. Further, plaintiff's refutations fail to contradict the factual challenge presented by defendant. Plaintiff's response suggests that substantive, credible evidence only allows this court a "guess" whether to exercise subject matter jurisdiction. Because the party asserting jurisdiction carries the burden of proving it, the plaintiff has failed to prove that this court has subject matter jurisdiction over her claim.

*Cirino–Encarnación v. Concilio de Salud Integral de Loíza, Inc.*, No. 99–1384(JAG), 2002 U.S. Dist. LEXIS 12577, at *9–*10 (D.P.R. Apr. 16, 2002) (footnote omitted). Cirino filed a timely objection to the Report which, though brief,[1] made several points, including that the documents alone did not establish CHI status. It argued that plaintiff was at least entitled to an evidentiary hearing. On May 17, the district court adopted the magistrate's findings and dismissed the action. *Cirino Encarnación v. Concilio de Salud Integral de Loíza, Inc.*, 206 F.Supp.2d 251 (D.P.R. 2002). Cirino appeals the dismissal.

## II.

The district court's dismissal rested on reasoning that plaintiff had not provided evidence that countered CSILI's proof that it was a Community Health Institute and, thus, a federal agency for FTCA purposes. Taking it as given that CSILI was a CHI, the court then reasoned that the claim must be under the FTCA, and no FTCA action could be maintained because no prior administrative claim had been filed. We do not reach this second part of the reasoning; the problem with the first conclusion itself requires reversal.

---

1. While plaintiff ought to have been more explicit in her objections to the Magistrate Judge's report concerning the lack of discovery, CSILI does not argue that the objection was inadequate, and we think the objection sufficient to preserve her claims.

While the district court faulted plaintiff for not producing evidence, it did not first determine that defendants had met their discovery obligations to produce relevant evidence to plaintiff before it dismissed the action. Basic fairness required the court not to act on the motion to dismiss when plaintiff, entitled by court order to relevant discovery, had not been given that discovery. Indeed, the defendants had been ordered three times to produce evidence, including evidence pertinent to this "jurisdictional question," and yet they did not do so. There are no answers to interrogatories anywhere in the record of the case.[2] The effect of the dismissal of plaintiff's action is to reward defense counsel who flout their discovery obligations. We do not encourage a system that creates incentives to violate the discovery rules.

The plaintiff had protested several times that it was premature to act on the motion to dismiss because she had not been given discovery. Of course, if we could say that the discovery sought was clearly irrelevant to the dismissal issues, then any error would be harmless. But we cannot. First, the district court found the discovery permissible and specifically ordered the production of jurisdictional discovery. Further, plaintiff says she needs discovery because it is not clear whether, at the time of the incident in 1998, CSILI maintained CHI status, even if it had CHI status at some earlier point. One of the documents CSILI filed makes it clear there are conditions which must be met to maintain coverage; plaintiff contends that coverage, if it existed earlier, may have been revoked. Plaintiff also notes the oddity that while full and part-time employees may share in the status of a CHI for FTCA purposes, the individual doctor defendant never asserted that he did so share. This in itself raised questions about the status of CSILI as a CHI.

We **reverse** and **remand** for further proceedings consistent with this opinion. Costs are awarded to Cirino.

---

2. At oral argument CSILI said the documents attached to its November 24, 1999 motion to dismiss constituted its discovery production. Not so. Not only is the assertion incredible in light of what the interrogatories sought, but CSILI has never provided plaintiff with any answer to interrogatories, much less one ref-

erencing the documents produced as required by Fed.R.Civ.P. 33(d). Further, CSILI was ordered to respond to discovery on July 11, 2000, and February 8, 2002, long after it had submitted the documents in connection with its 1999 motion.