Maria LOPEZ, Plaintiff,

v.

Shirley V. CHATER, Commissioner of Social Security, Defendant.

No. Civ. 93–2461 DRD.

United States District Court, D. Puerto Rico.

June 8, 1998.

Salvador Medina–de–la–Cruz, Rio Piedras, PR, for plaintiff.

Lilian E. Mendoza–Toro, U.S. Attorney's Office, District of P.R., Hato Rey, PR, for defendant.

## OPINION AND ORDER

DOMINGUEZ, District Judge.

Maria Lopez ("Plaintiff") brought this suit under Section 205(g) of the Social Security Act, as amended, 42 U.S.C.A. § 405(g) (1991 & West Supp.1997), seeking review of the final decision of the Secretary of Health and Human Services denying her application for a period of disability and disability insurance benefits. For the reasons discussed below, the Secretary's final decision is AFFIRMED.

### I. Procedural Background

On October 9, 1991, Plaintiff filed an application for a period of disability and disability insurance benefits, alleging an inability to work since August 28, 1991, due to bronchial asthma, arthritis in both arms, and depression. The application was denied by the Social Security Administration initially on January 22, 1992 and, on reconsideration, on May 19, 1992. An Administrative Law Judge of the Department of Health and Human Services (hereinafter "ALJ") considered the case *de novo*. On October 27, 1992, the ALJ held a hearing in this matter. Plaintiff waived her right to attend the hearing but was represented by counsel. On January 28, 1993, the ALJ found that Plaintiff was not under a disability and denied her application for benefits. On April 28, 1993, after a further review of Plaintiff's application, the ALJ

found that the plaintiff was not under a disability. Plaintiff then appealed to the Department of Health and Human Services' Appeals Council, which on August 11, 1993, denied Plaintiff's request for review.

Plaintiff sought timely review of the ALJ's decision before the district court by filing this suit. Subsequently, the Court referred the case to U.S. Magistrate Judge Jesus A. Castellanos for a report and recommendation, pursuant to 28 U.S.C.A. § 636(b)(1)(B) (1992 and West Supp.1997). (Docket No. 11.) Magistrate Judge Castellanos issued a report recommending that the decision of the Secretary be affirmed. (Docket No. 12.) Plaintiff subsequently submitted timely objections to said magistrate judge's report and recommendation. (Docket No. 14.)

## II. Jurisdiction

In accordance with the Social Security Act, "[a]ny individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision . . . ." 42 U.S.C.A. § 405(g) (1991 and West Supp.1997). Because the Social Security Administration decision from which Plaintiff seeks relief was a final decision, the Court may properly exercise jurisdiction over the present action.

## III. Standard of Review

"The [district] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary . . . ." 42 U.S.C.A. § 405(g) (1991 and West Supp.1997). However, the role of the district court in reviewing the decisions of the Secretary of Health and Human Services is limited, for even though questions of. law are reviewed *de novo*, questions of fact are evaluated under a substantial evidence standard. *Id. See Ortiz v. Secretary of H.H.S.*, 955 F.2d 765, 769 (1st Cir.1991); *Falú v. Secretary of H.H.S.*, 703 F.2d 24, 28 (1st Cir.1983); *Rodríguez v. Secretary of H.H.S.*, 647 F.2d 218, 222 (1st Cir.1981). Therefore, "[w]e must uphold a denial of social security disability benefits unless 'the Secretary has committed a legal or factual

error in evaluating a particular claim.'" *Manso–Pizarro v. Secretary of H.H.S.*, 76 F.3d 15, 16 (1st Cir.1996) (citing *Sullivan v. Hudson*, 490 U.S. 877, 885, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989)).

The term "substantial evidence" has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)). Furthermore, the determination of substantiality must be made upon an evaluation of the record as a whole. *Ortiz*, 955 F.2d at 769. In reviewing the record, the district court must avoid reinterpreting the evidence or otherwise substituting its own judgment for that of the Secretary. *Colón v. Secretary of H.H.S.*, 877 F.2d 148, 153 (1st Cir.1989).

However, a district court need not itself perform the initial evaluation of the petition; instead, it may refer the matter to a United States Magistrate Judge for a report and recommendation. 28 U.S.C.A. § 636(b)(1)(B) (1992 and West Supp.1997); Fed.R.Civ.P. 72(b). *See Mathews v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The plaintiff may contest the magistrate judge's report and recommendation. The applicable statute provides, in pertinent part, that:

[w]ithin ten days of being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.

28 U.S.C.A. § 636(b)(1).

In the present case, per the court's order, Magistrate Judge Castellanos reviewed the record as a whole and found that the Secretary's decision denying disability benefits

was based on substantial evidence and, therefore, the court should affirm. (Docket No. 12.)

While the court is not required to review any issue raised or resolved in a magistrate judge's report that is not the subject of a timely objection by the parties in the case, once an objection is raised, "[a] judge of the [district] court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C.A. § 636(b)(1)(C). These objections must be filed in a timely manner and in accordance to the rules of the court, which state that objections "shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the legal basis for such objection." Rule 510.2, Local Rules, District of Puerto Rico.

Plaintiff filed an opposition to the magistrate judge's report arguing that there is not substantial evidence in the record to support the Secretary's denial of disability benefits. (Docket No. 14.) Plaintiff further alleged in her submittal that she was not accorded due process during the hearing before the ALJ because the ALJ denied her request to subpoena two non-examining doctors. This second issue was not addressed by the magistrate judge, but was raised by the parties in their initial briefs to this court. . (Docket Nos. 7 and 9.)

Plaintiff's objections to the magistrate judge's report is presented to the Court in a slightly revised version of the original Plaintiff's Memorandum of Law. (Docket No. 9.) This memorandum barely complies with the rule's requirement of detailed references to the objectionable parts of the magistrate judge's report. Plaintiff should be well advised that future objections must comply with all requirements set forth in the local rules, including specificity.

### IV. Analysis

Notwithstanding, the court engages in a *de novo* review of magistrate judge's report and recommendation to determine the substantiality of the evidence upon which the Secretary's decision was based. Plaintiff's main objection to the substantiality of the evidence is that in his assessment of Plaintiff's residual capacity the ALJ failed to properly consider Plaintiff's depression.[1]

First, Plaintiff alleges that the ALJ did not properly inquire of the Vocational Expert the extent to which Plaintiff's inability to tolerate stress would interfere with her ability to work. This is not true. The ALJ specifically asked the Vocational Expert to comment on the effect of Plaintiff's "impairment of coordination. From the mental point of view." (Tr. 30.) Even if the ALJ failed to address the issue to Plaintiff's satisfaction, Plaintiff's attorney addressed the issue during his cross-examination of the Vocational Expert. (Tr. 31–33.)

Second, Plaintiff alleges that the ALJ did not take Plaintiff's depression into consideration when he actually made his determination that she was not suffering a disability. Plaintiff inaccurately characterizes the record. The ALJ's decision specifically took into account Plaintiff's need for unstressful work: "In accordance with the Vocational Expert who testified at the hearing, some unskilled and *unstressful* desk light jobs which exist in significant numbers in the national economy not involving exposure to dust, fumes, strong odors in temperature and humidity . . . ." (Tr. 14 (emphasis added).)

Even if Plaintiff's allegations were well-founded, the ALJ's alleged errors did not negatively affect the outcome of Plaintiff's case. The ALJ was not required to take Plaintiff's depression into account in evaluating her residual capacity because that condition had not lasted, and could not be expected to last, for twelve consecutive months. 42 U.S.C.A. § 423(d)(1)(A) (1991 and West Supp.1997).

Our review leads this Court to agree with Magistrate Judge Castellanos' determination that the Secretary's denial of disability benefits should be upheld. The Court holds that

---

1. As a subsidiary allegation, Plaintiff complains that the findings of the non-examining doctors did not relate their medical diagnoses to their evaluation of Plaintiff's residual capacity. This is plainly contradicted on the face of the doctors' evaluations.

the record as a whole presents substantial evidence to support the conclusion that plaintiff's medical problems are insufficient to constitute a "disability" under the Act.

■■■■ For the sake of completeness, the Court will address Plaintiff's due process arguments not addressed in the Magistrate Judge's Report and Recommendation. On September 2, 1992, Plaintiff's attorney requested that the ALJ issue a subpoena to Drs. Osvaldo Rivera and Carmen Bird, who had prepared evaluations of Plaintiff's medical records and disability status for the ALJ. On September 25, 1992, the ALJ denied the request for a subpoena. The ALJ wrote:

> The undersigned Administrative Law Judge, after careful consideration of your contentions, upon a longitudinal analysis of the whole record, cannot conclude that the evidence sought is reasonably necessary for a fair hearing or for an adequate presentation of the case. Your motion does not satisfy the exact nature of the important facts which the witnesses expected to prove or state in a precise manner why such facts could not be proven by other means, as required by section 404.950(d) of Social Security Regulations No. 4.

(Tr. 159.)

A careful review of Plaintiff's request for the subpoena confirms the ALJ's analysis that Plaintiff failed to comply with section 404.950(d). In her description of the facts that a cross-examination of the witnesses would show, Plaintiff claimed that the severity assessments prepared by the two doctors did not explain their criteria used to make their decisions. She also claimed that the criteria used were invalid. Plaintiff's allegations are contradicted by the content of the doctors' reports. The reports identify the records the doctors reviewed, detail the medical findings presented in those reports and clearly state the limitations Plaintiff's medi-

cal conditions posed for Plaintiff with regard to work. (Tr. 41–42, 50–51.)

In support of her assertion that necessary information could only be obtained through a subpoena, Plaintiff stated that the reporting consultants controlled all the direct information. This statement is inaccurate. Much of the information which the non-examining doctors relied upon was provide to them by Plaintiff and is identified in their reports. Additionally, Plaintiff did not seek to use interrogatories as an alternative, less intrusive means of obtaining the information desired. Under the circumstances, it was well within the discretion of the ALJ to deny the request to issue the subpoena.

The ALJ's exercise of discretion was not a denial of Plaintiff's due process rights. Contrary to Plaintiff's contentions, an applicant for social security does not have an absolute right to cross-examine witnesses who present reports contrary to Plaintiff's interests. A thorough, well founded, and thoughtful analysis of this exact question was discussed by the Court in *Feliciano v. Chater*, 901 F.Supp. 50 (D.P.R.1995) (Perez–Gimenez, J.). This Court believes that the same analysis is applicable in this case and need not be repeated verbatim herein.[2]

In sum and in contrast to the arguments presented by Plaintiff, the decisions of the United States Supreme Court do not support Plaintiff's contention "that parties have a due process right to cross-examine the authors of reports adverse to their interests in agency hearings." *Id.* at 52. Of particular relevance to the instant case is the Supreme Court's assessment that "the factual issues in dispute in disability cases involve conflicting medical diagnoses which are resolved by application of relatively objective scientific criteria" and that "the substitution of oral procedures for written procedures could not be expected to substantially improve the accuracy of the fact-finding process in disability

2. In *Feliciano*, the Court determined that the right to cross-examine consulting physicians found in dictum in *Richardson v. Perales*, 402 U.S. 389, 402, 91 S.Ct. 1420, 1428, 28 L.Ed.2d 842 (1971), was clarified and significantly curtailed in *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). 901 F.Supp. at 52–54. In *Mathews*, the Court set forth the ana-

lytical framework for conducting a due process analysis. 424 U.S. at 335, 96 S.Ct. at 903. An analysis of those factors in *Feliciano*, 901 F.Supp. at 54, as in this case, leads to the conclusion that due process does not require that a disability benefit claimant be permitted to subpoena consulting physicians.

decision-making." *Feliciano*, 901 F.Supp. at 54 (summarizing analysis in *Mathews v. Eldridge*, 424 U.S. 319, 343–45, 96 S.Ct. 893, 906–08, 47 L.Ed.2d 18 (1976)). These considerations, in concert with the proper application of the regulations of the Social Security Administration regulation 20 C.F.R. 404.950(d), support the ALJ's decision to deny Plaintiff's request for a subpoena. In light of the foregoing, this Court finds that the ALJ's denial of the subpoena request did not violate Plaintiff's due process rights.

Furthermore, even if Plaintiff's due process rights were restricted, such error was harmless. The ALJ had sufficient evidence before him upon which to support his determination (provided by Plaintiff's own physicians) even if the reports of the two non-examining doctors had been excluded from the record after a cross-examination conducted by Plaintiff. *See* Report of Dr. Roman, Plaintiff's treating physician, Tr. 124–128, 138, 172–175 ("Pt. should avoid dusty places and areas [ ] fumes. She could do a work sitting where she [would] be free of [these] factors.").

Accordingly, the Secretary's decision below is AFFIRMED.

IT IS SO ORDERED.