Brunilda **CHAPARRO,** Plaintiff,

v.

Larry G. **MASSANARI,** *Acting* Commissioner of Social Security, Defendant.

Civil No. 99–2040 (JAG).

United States District Court, D. Puerto Rico.

Feb. 25, 2002.

Salvador Medina–De–L–Cruz, Rio Piedras, PR, for Plaintiff.

Camille L. Velez–Rive, U.S. Attorney, Office District of P.R., Civil Division, San Juan, PR, for Defendant.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Plaintiff Brunilda Chaparro ("Chaparro") brought suit under Section 205(g) of the Social Security Act (the "Act"), as amended, 42 U.S.C.A. § 405(g), seeking review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for a period of disability and disability insurance benefits. On August 28, 2001, Magistrate Judge Justo Arenas issued a Report and Recommendation (Docket No. 14) recommending that the Commissioner's final decision be affirmed and this action be dismissed. Upon review of Chaparro's objections, the Court finds that the Magistrate Judge's Report and Recommendation should be upheld. Accordingly, the Court adopts the Report and Recommendation, and dismisses Chaparro's Complaint.

## FACTUAL BACKGROUND

On August 27, 1997, the Administrative Law Judge ("ALJ") rendered a final decision denying Chaparro's application for a period of disability and Social Security disability insurance benefits. On December 21, 1998, Chaparro submitted additional evidence before the Appeals Council, including a psychiatric evaluation performed by Dr. Emilio Pagan Gordils as a result of interviews with Chaparro. (Report and Recommendation, Docket No. 14, at 4.) The Appeals Council concluded that the additional evidence presented by Chaparro did not provide a basis for reversing the ALJ's ruling. *Id.* On September 15, 1999, Chaparro filed a petition seeking judicial review of the Commissioner's final decision. (Docket No. 1.)

On August 28, 2001, Magistrate Judge Arenas issued a Report and Recommendation, recommending that the Court affirm the Commissioner's decision and dismiss the action. The Magistrate Judge considered Chaparro's allegation "that the [ALJ] failed to consider [Chaparro's] combination of impairments in determining that she could return to her previous employment in management." *Id.* at 3. Moreover, the Magistrate Judge considered Chaparro's contention that the ALJ, and particularly the Appeals Council, had "failed to adequately consider her deteriorated mental capacity as already established by the treating source, and also failed to give the treating source controlling weight." *Id.*

Still, the Magistrate Judge found Chaparro's arguments wanting. He first pointed to long-standing First Circuit precedent to hold that "the opinions of treating physicians [were] not entitled to greater weight merely because they [were] treating physicians," and therefore the ALJ was not required to give the opinions controlling weight. *Id.* at 4. The Magistrate Judge then noted that the main issue

raised in Chaparro's petition involved her mental condition and the information received by the Appeals Council. *Id.* The Magistrate Judge held that the ALJ's analysis as to mental condition and pain comported with statutory and First Circuit authorities establishing the guidelines for allegations of disabling pain. *Id.* The Magistrate Judge held that the medical report submitted to the Appeals Council did not provide enough objective evidence to support a finding that Chaparro was disabled during the period being considered (on or before August 27, 1997). *Id.* at 4–5.

The Magistrate Judge concluded that the ALJ's proffered rationale for its decision was "comprehensive," and that he could not find that the final decision failed to comply with the requirements of the substantial evidence rule. Accordingly, finding no good cause to remand, the Magistrate Judge recommended that the Court affirm the Commissioner's final decision. *Id.* at 6.

Chaparro filed its Objections on October 1, 2001. (Docket No. 17.)

## DISCUSSION

In accordance with the Social Security Act, "[a]ny individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision...." 42 U.S.C.A. § 405(g). Because the Social Security Administration decision from which Chaparro seeks relief was a final decision, the Court may properly exercise jurisdiction over this action.

■ "The [district] court shall have power to enter, upon the pleadings and transcript of the record, a judgment af-

firming, modifying, or reversing the decision of the Secretary...." 42 U.S.C.A. § 405(g). The Court's role in reviewing the decisions of the Secretary of Health and Human Services is limited, however, for even though it reviews questions of law *de novo*, it evaluates questions of fact under a substantial evidence standard. *See Ortiz v. Secretary of HHS*, 955 F.2d 765, 769 (1st Cir.1991); *Falu v. Secretary of HHS*, 703 F.2d 24, 28 (1st Cir.1983); *Rodriguez v. Secretary of HHS*, 647 F.2d 218, 222 (1st Cir.1981). Therefore, the Court "must uphold a denial of social security disability benefits unless 'the Secretary has committed a legal or factual error in evaluating a particular claim.'" *Manso-Pizarro v. Secretary of HHS*, 76 F.3d 15, 16 (1st Cir.1996) (*citing Sullivan v. Hudson*, 490 U.S. 877, 885, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989)).

The term "substantial evidence" has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (*quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)). Furthermore, the determination of substantiality must be made upon an evaluation of the record as a whole. *Ortiz*, 955 F.2d at 769. In reviewing the record, the Court must avoid reinterpreting the evidence or otherwise substituting its own judgment for that of the Secretary. *Colon v. Secretary of HHS*, 877 F.2d 148, 153 (1st Cir.1989). The Court need not perform the initial evaluation of the petition itself; instead, it may refer the matter to a United States Magistrate Judge for a Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b). Here, pursuant to the Court's order, Magistrate Judge Arenas reviewed the record and found that the Secretary's decision deny-

ing disability benefits was based on substantial evidence, and therefore recommended that the Court affirm the decision.

"[A] judge of the [district] court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). These objections must be filed in a timely manner and in accordance to the rules of the Court, which state that objections "shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the legal basis for such objection." Rule 510.2, Local Rules, District of Puerto Rico.

Chaparro's objections to the Magistrate Judge's Report and Recommendation have been presented to the Court "in a slightly revised version of the original Plaintiff's Memorandum of Law." *Lopez v. Chater*, 8 F.Supp.2d 152, 155 (D.P.R.1998)(Domínguez, D.J.). In *Lopez*, the Court specifically admonished plaintiff's counsel, who also represents Chaparro here, that the memorandum "barely complie[d] with the rule's requirements to the objectionable parts of the magistrate judge's report." *Id.* The Court advised plaintiff "that future objections must comply with all requirements set forth in the local rules, *including specificity*." *Id.* (emphasis supplied).

This was not the first warning that plaintiff's counsel had received on the subject. In *Agront v. Chater*, 1996 WL 148619 (D.P.R.1996), the Court noted that plaintiff (represented, again, by counsel for Chaparro) had filed an objection to the report that was "an exact duplicate, almost word for word, of Plaintiffs' Memorandum of Law that the Magistrate Judge consid-

ered." In *Agront*, the Court adopted the Report and Recommendation without considering plaintiff's rehashed arguments.

Despite these clear admonitions, plaintiff has submitted objections that, with one exception, simply restate (often *verbatim*) the arguments made in the memorandum of law submitted to the Magistrate Judge. Compare Docket No. 17 *with* Docket No. 11. Simply put, plaintiff's counsel has not made a serious effort to heed the warnings issued by this Court in prior cases. Not only do the objections fail to comply with Local Rule 510.2 for lack of specificity, but they also do not reflect an understanding that a plaintiff may not simply restate the arguments that the Magistrate Judge considered and expect the Court to treat the filing seriously.[1]

The Court will only consider the single arguably legitimate objection that Chaparro has presented. She contends that the Magistrate Judge erroneously concluded that the evidence submitted to the Appeals Council "did not form part of the record for judicial review." (Objection, Docket No. 17 at 2.) The argument may be briefly disposed of. A review of the Magistrate Judge's opinion reveals that the plaintiff is mistaken. The Magistrate Judge first pointed to the Appeals Council's conclusion that the additional evidence presented by Chaparro did not provide a basis for challenging the decision of the ALJ. *See* Docket No. 14 at 4–5. Rather than saying that such evidence did not form part of the record before him, the Magistrate Judge expressly stated that the report provided by Dr. Pagan Gordils "provide[d] no objective evidence to support a finding that plaintiff was disabled

---

1. Any future objections made by plaintiff's counsel to a Magistrate Judge's Report and Recommendation that do not object to *specific findings* made by the Magistrate Judge and instead merely restate arguments already considered and discarded below will subject him to sanctions.

during the period being considered. *See* 20 C.F.R. § 404.976(b)." In other words, not only did the Magistrate Judge regard the report as part of the record, but he also held that it did not provide a basis for reversing the ALJ's decision.

The Court's review leads it to concur with Magistrate Judge Arenas's conclusion that the Secretary's denial of disability benefits should be upheld. The Court holds that the record as a whole presents substantial evidence to support the conclusion that plaintiff's medical problems are insufficient to constitute a "disability" under the Act. Accordingly, the Court adopts the Report and Recommendation, and dismisses the Complaint.

### CONCLUSION

For the foregoing reasons, the Court ADOPTS Magistrate Judge Justo Arenas's Report and Recommendation. Judgment shall enter dismissing the Complaint with prejudice.

IT IS SO ORDERED.