**Emilio Santiago MENDEZ, Plaintiff**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant.**

**Civil No. 02–2259(JAG).**

United States District Court, D. Puerto Rico.

Dec. 23, 2003.

Juan A. Hernandez–Rivera, Raymond Rivera–Esteves, Juan Hernandez Rivera & Assoc. San Juan, PR, for Plaintiff.

Camille L. Velez–Rive, San Juan, PR, for Defendant.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

On April 9, 2002, plaintiff Emilio Santiago Mendez ("Santiago") sought review, pursuant to section 205(g) of the Social Security Act (the "Act"), 42 U.S.C. § 405(g), of a final determination rendered by the Commissioner denying him disability insurance benefits (Docket No. 1). Both parties have filed memoranda in support of their respective positions (Docket Nos. 13 & 16). On May 12, 2003, the Court referred this case to Magistrate–

Judge Justo Arenas for a Report and Recommendation (Docket No. 17). On October 21, 2003, Magistrate–Judge Arenas Recommended that the Court affirm the Commissioner's decision (Docket No. 19). On October 28, 2003, Santiago filed his objections to the Report and Recommendation (Docket No. 20). For the reasons discussed below, the Court **REJECTS** the Magistrate–Judge's Report and Recommendation and **REMANDS** this case for further proceedings consistent with this Opinion and Order.

## FACTUAL BACKGROUND

Santiago was born on October 6, 1937. He has a twelfth grade education and worked as an office clerk. On June 5, 1989, Santiago filed his first application for disability and disability insurance benefits alleging an inability to work since June 30, 1988. The Social Security Administration ("SSA") denied the application initially and on reconsideration. On May 18, 1990, the Administrative Law Judge ("ALJ"), upon *de novo* review, found that Santiago was not under a disability. On April 29, 1991, the Appeals Council reversed the ALJ's decision and remanded for further proceedings and a new decision. On February 26, 1992, the ALJ again rendered his decision denying benefits. On December 4, 1992, the Appeals Council again reversed and remanded for further proceedings and a new decision. On July 21, 1993, the ALJ rendered a decision denying benefits for the third time. On November 29, 1993, the Appeals Council concluded that there was no basis for granting review, making it the Commissioner's final decision, subject to judicial review. On December 30, 1993, plaintiff sought review of the Commissioner's decision in this Court. On March 12, 1997, the Court affirmed the Commissioners decision and dismissed plaintiff's complaint.

On March 8, 1994, plaintiff filed the current application for social security benefits, alleging an inability to work since April 30, 1988, at age fifty (50). The application was denied initially and on reconsideration by the SSA. The ALJ considered the case *de novo*, and on September 25, 1995, found that plaintiff was disabled from April 30, 1988. On August 15, 1997, the Appeals Council, on its own motion, reviewed the ALJ's decision, concluded that it was not supported by the record, and remanded to the ALJ. The Appeals Council further indicated that ALJ could only rule on the period after July 21, 1993, inasmuch as jurisdiction over the first application remained with this Court.

On March 18, 1998, the ALJ held a hearing where plaintiff appeared along with his attorney and a medical advisor. On May 13, 1998, the ALJ held a second hearing where plaintiff appeared with his attorney, a medical advisor, and a vocational expert. The ALJ determined that his prior decision of July 21, 1993, constituted *res judicata* as to the period ending on that date and that the period remaining to be adjudicated commenced on July 22, 1993 and ended on December 31, 1993, Santiago's date of last insured. On June 24, 1999, after considering all the evidence on record, the ALJ determined that the plaintiff was not disabled at any time from July 22, 1993 through December 31, 1993. On July 16, 2002, the Appeals Council denied review, rendering it the Commissioner's final decision, subject to judicial review.

## DISCUSSION

A. *Standard for Reviewing a Magistrate–Judge's Report and Recommendation*

■ A District Court may, on its own motion, refer a pending motion to a U.S. Magistrate–Judge for a Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); Local

Rule 72(a). Pursuant to Fed.R.Civ.P. 72(b) and Local Rule 72(d), the adversely affected party may contest the Magistrate–Judge's Report and Recommendation by filing written objections "[w]ithin ten days of being served" with a copy of the order. *See* 28 U.S.C. § 636(b)(1). Since defendants have filed timely objections to the Magistrate–Judge's Report and Recommendation, the Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which specific objection is made. *See United States v. Raddatz*, 447 U.S. 667, 673, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980); *Lopez v. Chater*, 8 F.Supp.2d 152, 154 (D.P.R.1998).

## C. Standard for reviewing Social Security disability determinations

■ To establish entitlement to benefits, Santiago bears the burden of proving that he became disabled within the meaning of the Act. *See, e.g., Deblois v. Secretary of HHS*, 686 F.2d 76, 79 (1st Cir. 1982). Santiago may be considered disabled within the meaning of the Act only if he is unable to perform any substantial gainful work because of a medical condition that can be expected to last for a continuous period of at least 12 months. *See* 42 U.S.C. §§ 416(i)(1), 423(d)(1). His impairment must be so severe as to prevent him from working, not only in his usual occupation, but in any other substantial gainful work considering his age, education, training, and work experience. *See* 42 U.S.C. § 423(d)(2)(A). Evidence of a physical impairment cannot suffice for an award of disability insurance benefits; he must also be precluded from engaging in any substantial gainful activity by reason of such impairment. *See, e.g., McDonald v. Secretary of HHS*, 795 F.2d 1118, 1120 (1st Cir.1986). Moreover, Santiago's complaints cannot provide the basis of entitlement when they are not supported by medical evidence. *Avery v. Secretary of HHS*, 797 F.2d 19, 20–21 (1st Cir.1986).

■ The findings of fact made by the ALJ "are conclusive when supported by substantial evidence, 42 U.S.C. § 405(g), but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir.1999). The resolution of conflicts in the evidence and the ultimate determination of disability are for the ALJ, not the courts. *See Rodriguez v. Secretary of HHS*, 647 F.2d 218, 222 (1st Cir.1981).

## C. Santiago's objections to the Report and Recommendation

The ALJ in this case held two hearings, on March 18, 1998 and May 13, 1998 respectively. When he adjourned the second hearing, the ALJ stated that it would continue at a later date (Tr. at 69–70). At that future hearing, the ALJ intended to elicit the testimony of a psychiatric expert before resuming with the testimony of the vocational expert (*Id.*). Santiago did not have an opportunity to cross-examine the vocational expert before the ALJ adjourned the second hearing. On June 24, 1999, the ALJ rendered his decision denying Santiago disability benefits without having held the additional hearing.

■ Santiago's main objection to the Report and Recommendation is that the Magistrate–Judge erred when finding that he did not suffer any harm by the ALJ's failure to hold that third hearing. The Magistrate–Judge, without citing to any legal authority, concluded that plaintiff failed

"to show that this third hearing would have uncovered any new evidence that would have affected the [ALJ]'s opinion. Given the evidence of record and the fact that a vocational expert was not

required, the failure to hold this third hearing did not result in any harm to plaintiff. The plaintiff did have the opportunity to be heard at two separate hearings and has not shown why a third hearing was necessary."

(Docket No. 19 at 7). The Court disagrees with the Magistrate–Judge's determination.

"Due process requires that a social security hearing be 'full and fair.'" *Flatford v. Chater,* 93 F.3d 1296, 1305 (6th Cir.1996) (*quoting Richardson v. Perales,* 402 U.S. 389, 401–02, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)). "Judicial review in [social security] cases, although necessarily deferential to the agency's determination, must nonetheless be undertaken with a recognition that the 'beneficent purposes' underlying the Social Security Act, are best served by insuring that the agency has developed a complete evidentiary record." *Walker v. Massanari,* 149 F.Supp.2d 843, 846 (S.D.Iowa 2001) (*citing Dobrowolsky v. Califano,* 606 F.2d 403, 406–07 (3rd Cir. 1979)).

In this case, the Court cannot conclude that Santiago was given a full and fair hearing at the administrative level. When the ALJ concluded the second hearing, he specifically stated that there would be another where he would continue with the vocational expert's testimony after hearing the psychiatrist's testimony. This action by the ALJ is interpreted by the Court as indicating that further evidence was necessary before reaching a decision in the case. If that is the case, then the record is incomplete. On the other hand, an argument could be made that Santiago was not afforded due process if the ALJ took the vocational expert's testimony into consideration without giving him the opportunity to cross-examine. In any case, the Court has no choice but to remand the case to the ALJ so that Santiago can be given a full and fair hearing. The Court will not consider the merits of Santiago's claim at this time.

## CONCLUSION

For the foregoing reasons, the Court **REJECTS** the Magistrate–Judge's Report and Recommendation and **REMANDS** the case for further proceedings. Judgment shall enter accordingly.

IT IS SO ORDERED.