Sandra Silvia **GONZALEZ LOCICERO**,
Petitioner

v.

Walter Marcos **NAZOR LURASHI**,
Respondent.

No. CIV.04–1276(HL).

United States District Court,
D. Puerto Rico.

June 9, 2004.

David W. Roman, Esq., Brown & Ubarri, San Juan, PR, for Petitioner.

Raymond L. Sanchez–Maceira, Esq., Sanchez Maceira Law Office, San Juan, PR, for Respondent.

### OPINION AND ORDER

LAFFITTE, District Judge.

Petitioner Sandra Silvia González Locicero (hereinafter "González") filed an urgent petition against respondent Nazor pursuant to the Hague Convention on the Civil Aspects of International Child Abduction ("the Hague Convention"), as implemented by the International Child Abduction Remedies Act ("ICARA"), 42 U.S.C. § 11601–10 (2001), seeking the return of her minor child to Argentina, his country of habitual residence. Pending before the Court is respondent Walter Nazor Lurashi's (hereinafter "Nazor") objections to United States Magistrate Judge Camille Vélez Rivé's Report and Recommendation (Docket No. 10), concluding that respondent Nazor retained petitioner's minor

child in Puerto Rico in violation of her custodial rights and recommending the child's prompt return to Argentina.

In his objections to the Magistrate Judge's Report and Recommendation, Mr. Nazor makes two arguments: (1) that the child has expressed his desire to stay in Puerto Rico; and (2) that the child is now well settled in his new environment and returning him to Argentina would result in potential psychological harm. (Docket No. 17.) Petitioner filed a response to Nazor's objections to the Magistrate Judge's Report and Recommendation on June 2, 2004 (Docket No. 19). For the reasons states below, the Court **APPROVES** and **ADOPTS** the Magistrate Judge's Report and Recommendation.

## STANDARD OF REVIEW

A district court, may on its own initiative, refer a pending matter to a United States Magistrate Judge for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); Rule 503, Local Rules, District of Puerto Rico. Pursuant to Federal Rules of Civil Procedure 72(b) and Local Rule 510.2, the adversely affected party may contest the report and recommendation by filing written objections "[w]ithin ten days of being served" with a copy of the order. 28 U.S.C. § 636(b)(1). The Court must then make a *de novo* determination of those portions of the report or specified proposed findings or recommendation to which objection is made. *See United States v. Raddatz*, 447 U.S. 667, 673, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980); *Lopez v. Chater*, 8 F.Supp.2d 152, 154 (D.P.R. 1998). The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendations. "Failure to raise objections to the report and recommendation waives [that] party's right to

review in the district court and those claims not preserved by such objections are precluded on appeal." *Davet v. Maccarone*, 973 F.2d 22, 30–31 (1st Cir.1992) (citations omitted).

## FACTUAL BACKGROUND

The facts leading to the current conflict are undisputed. Mr. Nazor and Mrs. González were married on December 5, 1985, and are the parents of the child [1] subject to this legal dispute. After filing a joint petition for divorce, Mr. Nazor and Mrs. González agreed that Mrs. González, the mother, would retain custody of the child, and his sister, provided that they would have frequent visits with Mr. Nazor, who lived in Bariloche, Argentina. Sometime in the middle of 2002, respondent Nazor moved to Puerto Rico, while Mrs. González stayed in Santa Fe, Argentina, with the two children. During December of 2002 both children traveled from Argentina to Puerto Rico to visit Mr. Nazor.

In her complaint, Mrs. González asserts that the children were to return to Argentina in March of 2003, before the beginning of the school year. She further contends that respondent Nazor communicated to her his intention of not returning the children to Argentina. In other words, petitioner alleges that on his own initiative and without her consent, Mr. Nazor retained the children in Puerto Rico in breach of her custodial rights. Later, however, the child's sister was returned to Argentina, while the child remained in Puerto Rico with his father.

On June 26, 2003, the Argentine Ministry of Foreign Relations for International Commerce, which is the Argentine Central Authority for the Hague Convention of the Civil Aspects of International Child Abduc-

---

1. The child, who was born on October 11, 1990, is currently thirteen years old.

tion, sent a letter to the National Center for Missing & Exploited Children in Alexandria, Virginia, requesting its assistance and attaching a copy of the application for return regarding the child, and explaining that the child was illegally retained in Puerto Rico by respondent Nazor.

In her current petition, Mrs. González alleges that Mr. Nazor has wrongfully retained the child in Puerto Rico in breach of her custodial rights, and asks that pursuant to the terms of the Hague Convention, the Court orders that the child be returned to Argentina.

## DISCUSSION

"Under the Hague Convention, children who have been wrongfully removed [or retained] from their country of habitual residency must be returned, unless the abductor can prove one of the defenses allowed by the Convention." *Danaipour v. McLarey,* 286 F.3d 1, 13 (1st Cir.2002)(citing the Hague Convention, arts. 12–13, T.I.A.S. No. 11,670, at 7–8); *Von Kennel Gaudin v. Remis,* 282 F.3d 1178, 1182 (9th Cir.2002). Here, the parties have not disputed the fact that Argentina is the country of habitual residence of the child in question for purposes of the Hague Convention and that Mrs. González had the legal custody of the child pursuant to Argentinian law. In fact, in his objections to the Magistrate–Judges' Report and Recommendation, respondent Nazor does not contest that he wrongfully retained the child in Puerto Rico, but rather attempts to invoke several of the affirmative defenses contained in the Hague Convention.

In his objection to the Magistrate Judge's Report and Recommendation, respondent Nazor invokes two defenses: (1) that there is a grave risk that returning the child to Argentina would expose the child to psychological harm; and (2) that

the child objects to being returned and has attained the age of maturity at which it is appropriate to take into account his views.

■ The "general rule that a wrongfully removed or retained child must be returned has six exceptions," which are contained in Articles 12, 13 and 20 of the Hague Convention. *See Mendez Lynch v. Mendez Lynch,* 220 F.Supp.2d 1347, 1357–58 (M.D. Fla.2002)(enumerating all of the exceptions). In his objections to the Magistrate Judge's Report and Recommendation, Nazor makes a claim which seems to be couched on Article 13(b), namely that the child would likely suffer psychological harm if returned to Argentina, language which is contained in Article 13(b) of the Hague Convention. "Under the United State's legislation implementing the Hague Convention, a party opposing return based on an Article 13(b) exception bears the burden of establishing that exception by clear and convincing evidence. 42 U.S.C. § 11603(e)(2)(A) (1994)....Exceptions to the general rule of expedient return, including Article 13(b), are to be construed narrowly." *Danaipour v. McLarey,* 286 F.3d at 13–14 (internal citations omitted). *See also March v. Levine,* 249 F.3d 462, 471 (6th Cir.2001); *Walsh v. Walsh,* 221 F.3d 204, 217–219 (1st Cir.2000)( discussing the application of the narrow exception contained in Article 13(b)).

■ The Court agrees with the Magistrate Judge's analysis and conclusion that the child would not suffer psychological harm if returned to Argentina. (See Docket No. 10, pgs. 10–14.) When interpreting Article 13(b) of the Hague Convention courts have found that "situations where repatriation might cause inconvenience or hardship, eliminate certain opportunities, or not comport with the child's preferences" do not constitute a grave risk of harm. *Blondin v. Dubois,* 238 F.3d 153,

162 (2nd Cir.2001). Rather, courts have uniformly found "grave risk" under Article 13(b) when a child faces a real risk of being hurt, physically or psychologically, as a result of repatriation. "The disruption of the usual sense of attachment that arises during most long stays in a single place with a single parent should not be a 'grave' risk of harm for purposes of the Convention." *Antunez–Fernandes v. Connors–Fernandes*, 259 F.Supp.2d 800, 816 (N.D.Iowa 2003)(citing *Friedrich v. Friedrich*, 78 F.3d 1060, 1068 (6th Cir.1996)). In this case, there is not a scintilla of evidence that the child subject to this dispute would be face any risk either physical or psychological if returned to Argentina.[2] Therefore, this Court agrees with the Magistrate Judge's conclusion that respondent has failed to prove that the child's repatriation would place him in grave risk of psychological and/or physical harm.

Nazor's other argument is that the child has attained an age and degree of maturity at which it would be appropriate to take his views into account. The Magistrate Judge, who met *in camara* with the child, addressed this issue in her Report and Recommendation. She found the child to be articulate and mature enough to express his desire to stay in Puerto Rico, but nonetheless, did not find the child's opinion on returning to Argentina to be conclusive. Like the "grave risk" exception previously discussed, the "age and maturity" exception is to be applied narrowly. 42 U.S.C. § 11601(a)(4) (1994). The fact that the child prefers to remain in Puerto Rico, because he has good grades, has friends and enjoys sport activities and outings, is not enough for this Court to disregard the narrowness of the age and maturity exception to the Convention's rule of mandatory return. *See e.g., England v. England*, 234 F.3d 268, 272–73 (5th Cir.2000). The Court therefore will exercise its discretion to order the child's return to Argentina despite the child's expressed preference to remain in Puerto Rico.

## CONCLUSION

In view of the aforementioned, the Court **ADOPTS** and **APPROVES** the Magistrate Judge's Report and Recommendation (Docket No. 10). The Court therefore **GRANTS** González's Urgent Petition for Return of Child Wrongfully Retained (Docket No. 1). Petitioner's minor child shall be **RETURNED** to Argentina, at Respondent's expense, on or before **July 7, 2004.** Respondent shall not remove the minor child from the District of Puerto Rico pending his return to Argentina. The Court understands that ICARA provides for the payment of attorney's fees and costs. 42 U.S.C. § 11607(b)(3). Thus, Petitioner is **ORDERED** to file a motion for attorneys fees by June 21, 2004. Respondent shall have until **July 2, 2004,** to oppose said motion.

**IT IS SO ORDERED.**

---

**2.** It should be noted, that in his objections to the Magistrate Judge's Report and Recommendation, Nazor suggests that the Magistrate erred by not permitting that the child be examined by a psychologist. The Court finds this argument disingenuous. Respondent was served with the petition to have the child removed on April 21, 2004, and he did not seek to have the child examined by a psychologist before the hearing of May 18, 2004, or informed his intention to do so at the time he answered the petition. In any event, the child seems well adjusted and has no history of abuse or neglect while in the care of his mother in Argentina, making the review of a psychologist unnecessary.