Maria M. RUIZ DIAZ, et al., Plaintiffs

v.

**R.J. REYNOLDS TOBACCO COMPANY, et al.,**
Defendants.

No. CIV.03–1003 JAG.

United States District Court,
D. Puerto Rico.

Sept. 28, 2004.

Amarilys Arocho–Maldonado, Utuado, PR, for Plaintiffs.

Jason E. Keehfus, Ryan E. Harden, Todd Poole, PHV, Jones Day, Atlanta, GA, Ricardo F. Casellas, Rosalie Irizarry–Silvestrini, Clotilde Rexach–Benitez, Jorge R. Roig–Colon, Fiddler, Gonzalez & Rodriguez, San Juan, PR, for Defendants.

**OPINION AND ORDER**

GARCIA–GREGORY, District Judge.

On January 10, 2003, Maria M. Ruiz, Luis Alberto Mejias Ruiz, Maribel Mejias Ruiz, Mariangeli Arias Mejias, Abner Omar Arias Mejias, Johnny Mejias Ruiz, Giovanne Jason Mejias, and Yamil Josue Mejias (collectively "Plaintiffs") filed a complaint against R.J. Reynolds Tobacco Company, R.J.R. Nabisco Inc., Nabisco Group Holdings, Phillip Morris, Philip Morris Companies, Inc., and Liggett & Myers (collectively "Defendants") (Docket No. 1). On September 16, 2003, Defendants filed a Motion to Dismiss, to which Plaintiffs replied on October 9, 2003 (Docket Nos. 15 and 16). On May 14, 2004, the Court referred the case to U.S. Magistrate–Judge Justo Arenas for a Report and Recommendation (Docket No. 39). On June 28, 2004, Magistrate–Judge Arenas recommended that the Court grant Defendants' Motion to Dismiss (Docket No. 47). On July 12, 2004, Plaintiffs filed their objections (Docket No. 49). For the reasons discussed below, the Court **ADOPTS** the Report and Recommendation in its entirety.

## FACTUAL BACKGROUND

Santos Mejias Bonet ("Decedent") began smoking as an adolescent and died from a smoking related illness at age 67. He was Spanish speaking and neither spoke, wrote, nor understood English. He purchased and smoked Defendants' cigarette products in Puerto Rico, where Spanish is the official language. Even if Defendants' products were sold and consumed in Puerto Rico, the warnings regarding their harmful effects were in English, not in Spanish (Docket No. 1).

## DISCUSSION

A. *Standard for Reviewing a Magistrate–Judge's Report and Recommendation*

■ A District Court may, on its own motion, refer a pending motion to a U.S. Magistrate–Judge for a Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); Local Rule 72(a). Pursuant to Fed.R.Civ.P. 72(b) and Local Rule 72(d), the adversely affected party may contest the Magistrate–Judge's Report and Recommendation by filing written objections "[w]ithin ten days of being served" with a copy of the order. *See* 28 U.S.C. § 636(b)(1). Since plaintiffs have filed timely objections to the Magistrate–Judge's Report and Recommendation, the Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which specific objection is made. *See United States v. Raddatz,* 447 U.S. 667, 673, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980); *Lopez v. Chater,* 8 F.Supp.2d 152, 154 (D.P.R.1998).

B. *Motion to Dismiss Standard*

Pursuant to Fed.R.Civ.P. Rule 12(b)(6), a complaint may not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Brown v. Hot, Sexy, and Safer Prods., Inc.,* 68 F.3d 525, 530 (1st Cir.1995). The Court is to accept all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor. *See Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 51 (1st Cir.1990). The Court need not credit, however, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating the complaint's allegations. *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996). When opposing a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." *McCoy v. Massachusetts Institute of Tech.,* 950 F.2d 13, 22 (1st Cir.1991). Rather, plaintiffs are responsible for putting their best foot forward in an effort to present a legal theory that will support their claim. *Id.* at 23 (*citing Correa–Martinez,* 903 F.2d at 52). Plaintiffs must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 514 (1st Cir.1988).

C. *Plaintiffs' Objections to the Magistrate–Judge's Report and Recommendation*

■ Plaintiffs object to the Magistrate–Judge's Report and Recommendation to grant Defendants' Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiffs advance nine objections to the Report and Recommendation, but only two warrant serious discussion. The first is that the Court's decision in *Cruz Vargas v. R.J. Reynolds,* 218 F.Supp.2d 109 (D.P.R.2002), aff'd, 348 F.3d 271 (1st Cir.2003), and *Prado Alvarez v. R.J. Reynolds,* 313 F.Supp.2d 61 (D.P.R.2004), are erroneous as a matter of state law and constitutional principles of equal protection. In support

of this claim, Plaintiffs assert that the Cigarette Labeling Act does not provide a mandatory language for the cigarette package warnings, but only prescribes a mandatory wording for the warning. Thus, Plaintiffs theorize, the Cigarette Labeling Act does not preempt state case law requiring warnings to be in Spanish. Plaintiffs urge the Court to take a strict liability posture and castigate Defendants for their failure to comply with the state Spanish language requirement which, they maintain, would have adequately informed Decedent. Furthermore, Plaintiffs claim that the Cigarette Labeling Act interpretation given by the Court in *Cruz Vargas* and *Prado Alvarez*, violates the constitutional right to Equal Protection of the Law because it discriminates against the origin, ancestry and culture of Puerto Ricans by hindering an appropriate standard of care for their health and welfare, which is the Act's aim. The second objection rests on Plaintiffs' understanding that the Magistrate–Judge based its recommendations on the doctrine of common knowledge. They claim that Congress' enactment of the Cigarette Labeling Act is evidence that there is no common knowledge regarding the harmful effects of consuming cigarette products.

Although the objections are ingenious to say the least, the Court concludes that the Magistrate–Judge's Report and Recommendation must stand. The Court is bound by federal precedent, in this case, by *Cruz Vargas*. In addressing the exact same issue as raised in this case, the Court held there that

> [t]he statute does not require the warnings to be in any other languages besides English, and Plaintiffs have not cited any relevant authority to support their contention. Furthermore, the Labeling Act provides that no additional warnings are required on cigarette pack-

ages, and we find that this includes warnings in Spanish.

*Cruz Vargas*, 218 F.Supp.2d at 117. The First Circuit further stated that "the argument regarding the language of warnings is best entertained by Congress, and not the courts." *Cruz Vargas*, 348 F.3d at 280 n. 11.

Plaintiffs, aware that their argument is weak in face of binding precedent, bring an opposition based on a supposedly erroneous application of the "common-knowledge doctrine". After a careful reading of the Magistrate–Judge's Report and Recommendation, however, the Court finds that the Magistrate–Judge's recommendations are not grounded on the common knowledge doctrine as Plaintiffs assert. In fact, the Report and Recommendation merely makes a brief reference to the doctrine while discussing the First Circuit's opinion affirming the District Court's opinion in *Cruz Vargas* (Docket No. 47).

Therefore, even if all factual allegations were taken as true, Plaintiffs are unable to present a legal theory in support of their claims for relief in the face of this Circuit's precedent. Accordingly, Plaintiffs' objections are rejected. The Court adopts the Magistrate–Judge's Report and Recommendation in its entirety.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the Magistrate–Judge's Report and Recommendation in its entirety. Defendants' motions to dismiss counts III, IV, and V of the complaint are hereby **GRANTED.**

IT IS SO ORDERED.