Jesus M. FONSECA–ARROYO,
et al., Plaintiff(s)

v.

**PUERTO RICO ELECTRIC POWER AUTHORITY, et al.,
Defendant(s).**

Civil No. 02–2156(JAG).

United States District Court,
D. Puerto Rico.

March 31, 2005.

Carlos R. Ramirez, Joh F. Nevares, John F. Nevares & Assoc. PSC, San Juan, PR, for Plaintiffs.

Carlos E. Lopez–Lopez, Francisco Rios–Rivera, Llovet Zurinaga & Lopez, PSC, Hato Rey, PR, Francisco J. Ortiz–Garcia, Jose R. Cintron–Rodriguez, P.R. Electric Power Authority, Maria Judith Surillo, Department of Justice, San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

On August 05, 2002, Jesus M. Fonseca–Arroyo ("Fonseca") and his wife filed this action under 42 U.S.C. § 1983 against the Puerto Rico Electric Power Authority ("PREPA") for violations of his First, Fifth and Fourteenth Amendment rights of the United States Constitution. (Docket No. 1). The unsworn complaint alleges that defendants illegally stripped Fonseca, a regular non-policy making employee, of all his duties and responsibilities due to his political affiliation.

On May 7, 2004, defendant PREPA filed a Motion for Summary Judgment alleging, inter alia, that Fonseca failed to establish a viable political discrimination claim. The Court granted plaintiffs several extensions of time to file an opposition to PREPA's summary judgment. On July 16, 2004, the Court ruled that defendants' motion would be deemed as unopposed due to plaintiffs' failure to comply with deadlines. On December 7, 2004, the Court referred the dispositive motion to Magistrate–Judge Camille Velez–Rive for a Report and Recommendation. (Docket No. 88).

On March 9, 2005, Magistrate Judge Velez–Rive issued a Report and Recommendation, recommending that the Court grant PREPA's motion for summary judgment, as unopposed. (Docket No. 90). On March 14, 2005, PREPA filed an objection to the Report and Recommendation. On March 29, 2005, Fonseca filed his objections to the Report and Recommendation. (Docket No. 95).

Pending before the Court are the parties' objections which the Court shall now discuss.

## I. Standard for Reviewing a Magistrate–Judge's Report and Recommendation

A District Court may, on its own motion, refer a pending motion to a U.S. Magistrate–Judge for a Report and Recommendation. See 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); Local Rule 72(a). Pursuant to Fed.R.Civ.P. 72(b) and Local Rule 72(d), the adversely affected party may contest the Magistrate–Judge's Report and Recommendation by filing written objections "[w]ithin ten days of being served" with a copy of the order. See 28 U.S.C. § 636(b)(1). Since defendants have filed timely objections to the Magistrate–Judge's Report and Recommendation, the Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which specific objection is made. See United States v. Raddatz, 447 U.S. 667, 673, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980); Lopez v. Chater, 8 F.Supp.2d 152, 154 (D.P.R.1998).

A District Court judge, on a de novo review of a Magistrate–Judge's Report and Recommendation, has the option of entirely ignoring arguments not presented to the Magistrate–Judge. See Crooker v. Van Higgins, 682 F.Supp. 1274 (D.Mass.1988). "We hold categorically that an unsuccessful party is not entitled as of right to de novo review by the judge

of an argument never seasonably raised before the magistrate." *Paterson–Leitch v. Massachusetts Elec.*, 840 F.2d 985, 990–1 (1st Cir.1988).

## II. *Fonseca's Objections*

Through his objections, Fonseca attempts to persuade this Court not to summarily adjudge his claim. Fonseca first takes a shot at challenging and disputing several of the defendants' uncontested facts by arguing that they are either insufficiently supported by the exhibits or contradicted by defendants' own proffer of evidence. Fonseca then pursues the road of arguing that as a matter of law his claims should survive.

The Court has discretion in deciding whether or not to entertain arguments not properly raised before the magistrate-judge. *El Dia, Inc., v. Puerto Rico Dept. of Consumer Affairs*, 313 F.Supp.2d 54, 60 (D.P.R.2004). In this case, the Court declines Fonseca's invitation to consider arguments that could have been submitted in a timely fashion. The Court, however, shall make a *de novo* review of Magistrate–Judge Velez–Rive's Report and Recommendation to ascertain whether the findings and recommendations are clearly erroneous. *See Sloan Const. Co. v. American Renovation and Const. Co.*, 313 F.Supp.2d 24, 29 (D.Puerto Rico 2004).

## III. *PREPA's Summary Judgment*

Although PREPA's summary judgment remains unopposed, the Court may only grant summary judgment, if found appropriate. See Fed.R.Civ.P. 56(e). "Under this provision it is clear that where the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented." *NEPSK, Inc., v. Town of Houlton*, 283 F.3d 1,7 (1st Cir. 2002). The Court must examine the entire record in the light most flattering to the non-movant and indulge all reasonable inferences in the party's favor. *Maldonado–Denis v. Castillo–Rodriguez*, 23 F.3d 576, 581 (1st Cir.1994). However, unsworn assertions of fact in the complaint are not sufficient to create a material factual dispute. *Torres–Rosado v. Rotger–Sabat*, 335 F.3d 1, 9 (1st Cir.2003).

Upon reviewing PREPA's summary judgment and Magistrate–Judge's Velez–Rive's Report and Recommendation, the Court finds that Fonseca's claims cannot survive summary judgment and that the Magistrate–Judge's recommendations are sufficiently supported by the record.

■ The Court finds that plaintiff Fonseca failed to sufficiently develop the record with evidence, either direct or circumstantial, to raise an inference that his political affiliation was a substantial or motivating factor behind the challenged adverse employment actions. Fonseca's unsworn complaint merely submits that he is affiliated and openly identified with the New Progressive Party ("NPP") and that defendants are affiliated and openly identified with the opposing party, the Popular Democratic Party ("PPD"). (Docket No. 1 ¶ 19,20). However, the First Circuit has held that juxtaposing a protected characteristic-someone else's politics-with the fact that he was treated unfairly is not sufficient to establish a *prima facie* case of political discrimination. *Correa–Martinez v. Arrillaga–Belendez*, 903 F.2d 49, 58 (1st Cir.1990).

In the complaint Fonseca's alleges that he 1) was mistreated by his superiors, 2) was not treated equal to his fellow supervisors, 3) was changed from sections and work schedule, 4) was given a vehicle in bad condition, 5) was given an old computer while someone else was given a new computer, and 6) was not allowed to work overtime due to his political affiliation.

Even if we were to assume that Fonseca established a *prima facie* political discrimination claim, the Court finds that PREPA has articulated legitimate non-discriminatory reasons for the alleged adverse employment actions. Therefore, Fonseca's political discrimination claims would fail under *Mt. Healthy City Bd. Of Ed. v. Doyle,* 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977).

The Court has thoroughly reviewed the record *de novo* and can find no clear error of law or fact in Magistrate–Judge Velez–Rive's Report and Recommendation. Accordingly, the Court **ADOPTS** the Report and Recommendation in its entirety including all of its findings.

### IV. *PREPA's Objection*

Although prevailing against Fonseca's claims, PREPA objects to the Magistrate–Judge's finding regarding the statute of limitations it advanced in its summary judgment. Magistrate–Judge Velez–Rive found that the complaint cannot be considered as time-barred because the complaint alleges numerous incidents claimed to be the result of a discriminatory pattern. The Court finds that it is unnecessary to discuss this objection in view of its adoption of the Magistrate–Judge's Report and Recommendation on the merits of plaintiffs' case.

### CONCLUSION

In light of the foregoing, the Court **GRANTS** defendants' Motion for Summary Judgment (Docket No. 60) and dismisses all federal claims with prejudice against defendants. Plaintiffs' state law claims shall be dismissed without prejudice. Judgment shall be entered accordingly.

IT IS SO ORDERED.